## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FenF, LLC,

                          Plaintiff,          Case No. 24-10288

v.                                            Judith E. Levy
                                              United States District Judge
Handelnine Global, LLC,

                          Defendant.          Mag. Judge David R. Grand

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION [19]

On February 2, 2024, Plaintiff FenF, LLC ("FenF") filed this case against Defendant Handelnine Global, LLC ("HG-US"). Plaintiff alleges violations of Sections 32 and 43(c) of the Lanham Act and copyright infringement. (*Id.*)

Before the Court is Defendant's motion to set aside the clerk's entry of default and to dismiss for lack of personal jurisdiction ("Motion"). (ECF No. 19.) The Motion is fully briefed. (*See* ECF Nos. 19, 23, 29.) Because jurisdiction is a threshold issue, the Court will address that part of the Motion first. For the reasons set forth below, Defendant's Motion is

denied to the extent that it seeks dismissal for lack of personal jurisdiction. The Motion is granted to the extent it requests to set aside the clerk's entry of default.

## I. Background

The relevant history is as follows. Plaintiff filed its complaint against Defendant on February 2, 2024. (ECF No. 1.) The complaint was served on February 5, 2024. (ECF No. 6.) Defendant failed to file an answer within 21 days of service. (ECF No. 9, PageID.135.) On March 1, 2024, Plaintiff requested a clerk's entry of default. (ECF No. 7.) The clerk entered default on March 4, 2024. (ECF No. 8.) On June 6, 2024, the Court issued an order for Plaintiff to show cause why the case should not be dismissed for failure to prosecute because "in the three months that . . . followed [the clerk's entry of default], Plaintiff [took] no further action to obtain a default judgment pursuant to Rule 55(b)." (ECF No. 9, PageID.136.) Plaintiff responded to the show cause order and filed a "Motion for Entry of Default and Default Judgment and for Permanent Injunction and Brief in Support." (ECF Nos. 10–11.) On August 29, 2024, Defendant filed this Motion to set aside the clerk's entry of default and to dismiss for lack of personal jurisdiction. (ECF No. 19.) At a hearing on

2

August 29, 2024, the Court denied Plaintiff's motion for default judgment without prejudice and directed Plaintiff to file a response to Defendant's Motion. (*See* ECF No. 21.) On September 27, 2024, Plaintiff filed a timely response (ECF No. 23), and on October 18, 2024, Defendant filed a timely reply.

## II.   Legal Standard

### A.   Personal Jurisdiction

"A court may exercise its power only over defendants subject to personal jurisdiction in the court's state." *AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *2 (6th Cir. May 8, 2024). Personal jurisdiction exists "if the defendant is amenable to service of process under [Michigan's] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir.1992)). "[W]hen the state long-arm statute extends to the limits of the due process clause," which it does in Michigan, "the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Tech*

3

*& Goods, Inc. v. 30 Watt Holdings, LLC*, No. 18-13516, 2019 WL 3777060, at *1 (E.D. Mich. Aug. 12, 2019) (internal quotation marks and citations omitted). For the Court to assert specific personal jurisdiction, "a defendant must have had such contacts with the forum [s]tate that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *AMB Media* 2024 WL 2052151, at *2 (internal quotation marks and citations omitted). The Sixth Circuit uses a three-part test to determine whether a court has specific personal jurisdiction:

> First, the defendant must *purposefully avail* himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the claims must arise out of or relate to the defendant's contacts with the forum. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Each part of the . . . standard represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.

*AMB Media*, 2024 WL 2052151, at *3 (emphasis in original) (internal quotation marks and citations omitted). The Court infers that the exercise of jurisdiction is reasonable when the first two elements have been satisfied. *Id.* at *7.

4

As to the first prong, a plaintiff can establish purposeful availment by alleging that the defendant has an interactive website that conducts sales in the state, if those sales occur in the defendant's "regular course of business." *See id.* at *4. "Use of an interactive website to sell products into a forum creates jurisdiction not because of any internet-specific rules, but because that course of conduct pairs a willingness to sell into the forum with regular sales—features that have long constituted purposeful availment." *Id.* Although "random, fortuitous, and attenuated contacts" are not sufficient for personal jurisdiction, "the Supreme Court has repeatedly construed a defendant's direct sales into a state as jurisdictionally relevant actions taken by that defendant." *Id.* at *6.

The second prong is that the cause of action must "arise out of or relate to" Defendant's activities in the forum. *Id.* at *3. "Physical presence is not the touchstone of personal jurisdiction." *Neal v. Janssen*, 270 F.3d 328, 333 (6th Cir. 2001). When a plaintiff "claims that the use of [the defendant's] tradename on its website and its business contacts with Michigan residents under that name have caused a variety of economic harms," the second prong is satisfied. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 892 (6th Cir. 2002).

Finally, the third prong is that "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *AMB Media*, 2024 WL 2052151, at *3 (internal quotation marks and citations omitted). Courts "must consider several factors in this context, including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id*. at *7 (internal quotation marks and citations omitted).

The plaintiff bears the burden of establishing that personal jurisdiction exists. When a motion to dismiss for lack of personal jurisdiction is filed under Fed. R. Civ. P. 12(b)(2), "the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that

personal jurisdiction exists in order to defeat dismissal." *Id*. (citations omitted).

Without an evidentiary hearing, all pleadings and affidavits are construed in the light most favorable to the plaintiff. *Id*. at 1459. A "court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal." *Id*.

### B. Clerk's Entry of Default

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether there is good cause under Rule 55(c), the Court considers three factors: "1. [w]hether the plaintiff will be prejudiced; 2. [w]hether the defendant has a meritorious defense; and 3. [w]hether culpable conduct of the defendant led to the default." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). Courts employ a "lenient standard" in evaluating a request to set aside an entry of default when judgment has not yet been entered. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on

7

their merits." *United Coin*, 705 F.2d at 846 (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)); *see also Shepard Claims Serv.*, 796 F.2d at 193 (finding there is a strong preference for deciding cases on the merits rather than by default).

As to the first factor, which is prejudice, "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin*, 705 F.2d at 845; *see also Nieves v. Kiekert AG*, No. 20-11467, 2020 WL 6335993, at *5 (E.D. Mich. Oct. 29, 2020) (applying *United Coin* to a clerk's entry of default). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys.*, Inc., 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks and citations omitted). Where the "plaintiff has not shown that discovery would be more difficult or that evidence would be lost . . . [he] has not shown prejudice within the meaning of the *United Coin* inquiry." *Id.*

The second factor looks at whether there is a meritorious defense. "The defense is sufficient if it contains even a hint of a suggestion which,

proven at trial, would constitute a complete defense." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991) (internal quotation marks and citations omitted). Assertion of lack of personal jurisdiction is a meritorious defense that satisfies the second factor. *See, e.g., Brown v. FunKtionwear, Inc.*, No. 08-14572, 2009 WL 838607, at *1 (E.D. Mich. Mar. 27, 2009).

The third factor is culpability. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv.*, 796 F.2d at 194. "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.* at 195. Additionally, "[w]here the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency." *Id.* at 194 (internal quotation marks and citation omitted).

9

## III.  Analysis

### A.    Personal Jurisdiction

When evaluating the existence of personal jurisdiction, the Court "decline[s] to decide the broader issue of whether general jurisdiction exists under the facts of this case . . . because [Plaintiff] has presented a prima facie case that limited jurisdiction is present."[1] *Neogen*, 282 F.3d at 889. Without an evidentiary hearing, Plaintiff satisfies its burden to show that personal jurisdiction exists by making a prima facie case alleging that: (1) Defendant purposefully availed itself of the privilege of acting in Michigan; (2) Plaintiff's claims arise out of or relate to Defendant's contacts with Michigan; and (3) the exercise of jurisdiction over Defendant is reasonable. *See Theunissen*, 935 F.2d at 1458.

### i.    *Prong One: Purposeful Availment*

Plaintiff satisfies the purposeful availment prong by alleging that Defendant has an interactive website that conducts sales directly into Michigan and that those sales occur in Defendant's regular course of business. *See AMB Media*, 2024 WL 2052151, at *4. Plaintiff alleges that

---

[1] In its response to the Motion, Plaintiff does not address whether there may be general jurisdiction. (*See* ECF No. 23.)

the website at issue, navafresh.com, is Defendant's website. (ECF No. 1, PageID.7 ("Defendant . . . operates its own ecommerce site at navafresh.com.").) Plaintiff also provided a copy of the website's Terms and Conditions, in which Defendant is the sole entity listed under the "Disclaimer of Warranties; Limitation of Liability" and "Indemnification" sections and the sole entity with contact information. (ECF No. 23, PageID.319 (citing ECF No. 24).) The Terms and Conditions states that it is "our site." (*Id.*) These facts allege that navafresh.com is owned or operated by Defendant. Furthermore, a website that conducts internet sales is an interactive website. *Tech & Goods*, 2019 WL 3777060, at *3. Plaintiff alleges the website is interactive because it sells goods to customers.[2] (*Id.* at PageID.322) Plaintiff asserts that Defendant sells directly into Michigan, the forum state. (*Id.* at PageID.325). Plaintiff provides receipts and declarations to show that at least two sales were made directly in Michigan via the website. (*Id.*) When a company ships products to Michigan "after it ha[s] structured its sales activity in such a manner as to invite orders from [Michigan] and developed the capacity

---

[2] Defendant also concedes that navafresh.com is an interactive website. (ECF No. 19, PageID.262.)

11

to fill them, that entity cannot now point to its customers in [Michigan] and tell us, 'It was all their idea.'" *See AMB Media*, 2024 WL 2052151, at *6 (internal quotation marks and citation omitted). Since Defendant's website displays and sells Plaintiff's protected goods to customers in Michigan in its regular course of business, Plaintiff meets the first element of specific personal jurisdiction.

Defendant raises only two relevant arguments: (1) Defendant does not conduct business in the State of Michigan; and (2) the minimal sales, which were instigated by Plaintiff, cannot form the basis for jurisdiction. The Court finds both objections unpersuasive.

As to the first argument, Defendant claims that it did not purposefully avail itself of the privilege of acting in Michigan because a different entity owns and operates the navafresh.com website, and Defendant did not "list[], s[ell], or ship[]" the products at issue.[3] (ECF No. 19-1, PageID.267.) But the Court notes that Defendant's *own* Motion to Dismiss states that without an evidentiary hearing, "the court disposing

---

[3] Defendant attaches an affidavit from Hiren Gaglani, the director of Handelnine Global Limited, and includes website ownership information to contradict the fact that navafresh.com is Defendant's website. (*Id.* at PageID.267 ("[Handelnine Global Limited] is the sole owner of the navafresh.com website.").)

of a 12(b)(2) motion *does not weigh the controverting assertions of the party seeking dismissal.*" (*Id.* at PageID.260 (emphasis added) (citing *Theunissen*, 935 F.2d at 1459).) Since Defendant's affidavit directly contradicts Plaintiff's assertions that navafresh.com is Defendant's website and that Defendant listed, sold, and shipped the allegedly infringing products (ECF No. 1, PageID.7–8, 21–22; ECF No. 23, PageID.318, 326), the Court will not consider Defendant's contradictory evidence at this time.[4] *See also Malone*, 965 F.3d at 505 (finding an affidavit that denied jurisdictional facts alleged by the plaintiff was "irrelevant" when the court did not hold an evidentiary hearing). Accordingly, the Court does not weigh Defendant's controverting

---

[4] Although the parties' affidavits provide contradicting facts regarding jurisdiction, Defendant "forfeited any right to [pretrial jurisdictional] discovery [or an evidentiary hearing on jurisdiction] by not explicitly raising the issue before the district court." *Palnik v. Westlake Ent., Inc.*, 344 F. App'x 249, 253 (6th Cir. 2009); *see also Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020). To the contrary, Defendant stated, "jurisdictional discovery is unwarranted." (ECF No. 19, PageID.264.) Defendant also did not invoke the Court's discretion to order a pretrial evidentiary hearing at the hearing on August 29, 2024, or in its reply brief. (*See* ECF No. 29.) Since Defendant "did not request a[n evidentiary] hearing and the court did not hold one, . . . [Plaintiff's] prima facie burden did not change." *Malone,* 965 F.3d at 505–06. Still, the Defendant is not "left unprotected from the plaintiff's bald written allegation of jurisdictional facts. . . [It] may proceed to trial without waiving the defense." *Palnik*, 344 F. App'x at 253 (citing *Serras v. First Tenn. Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th Cir.1989)).

assertions in its analysis, and this objection fails. Plaintiff satisfies the first prong.

As to the second argument, Defendant contends that there is no purposeful availment because "the only sale[5] of any allegedly infringing product was instigated by the Plaintiff," and "a finding of personal jurisdiction may not rest solely on such a purchase into the forum state instigated by a plaintiff." (ECF No. 19, PageID.262 (citing *Car-Freshner Corp. v. Scented Promotions, LLC*, No. 19-1158, 2020 WL 1188055, at *6 (N.D.N.Y. Mar. 12, 2020), *aff'd*, 2020 WL 7074812 (N.D.N.Y. May 28, 2020)).) But this argument fails for several reasons. First, Defendant relies on case from outside of the Sixth Circuit called *Car-Freshner Corp. v. Scented Promotions, LLC*, No. 19-1158, 2020 WL 1188055, at *6 (N.D.N.Y. Mar. 12, 2020). As Plaintiff notes, as recently as May 2024, "the Sixth Circuit has not yet taken a position on this issue." (ECF No. 23, PageID.327 (citing *AMB Media*, 2024 WL 2052151, at *4 n.3).) Second, the *Car-Freshner* court was analyzing this issue on a motion to vacate an entry of default and conceded, "district courts are admittedly

---

[5] Defendant later "apologize[d] for failing to identify and provide the additional sale" that Plaintiff alleges occurred in Michigan. (ECF No. 29, PageID.382.)

at odds over whether a finding of personal jurisdiction may rest on an isolated purchase from a defendant's website, where the purchase was initiated by a plaintiff." *Car-Freshner*, 2020 WL 1188055, at *6. In a later opinion, the *Car-Freshner* court expressly stated that it never reached the issue: "the Court finds that it need not decide whether a single purchase by a plaintiff or its agent can or should suffice to show that a defendant purposefully availed itself of transacting business in New York, because through their supplemental submission Plaintiffs have provided evidence of many other sales [to consumers in the forum]." *Car-Freshner Corp. v. Scented Promotions, LLC*, No. 19-1158, 2021 WL 1062574, at *7 (N.D.N.Y. Mar. 19, 2021). Third, although Plaintiff only provides evidence of two transactions that it instigated in Michigan, Sixth Circuit precedent establishes no minimum amount of time, percentage of sales, or number of sales to conduct before a defendant can satisfy the first prong. "The standard is whether the facts, taken in the light most favorable to the plaintiff at this prima facie stage, suggest that a defendant 'reasonably expects to conduct a given level of business' in the forum. *AMB Media*, 2024 WL 2052151, at *3, *5 & n.4 (quoting *Neogen*, 282 F.3d at 891) (finding about twenty sales between 2020 and

2022 sufficient to establish purposeful availment). The Court finds it persuasive that "Defendant's sales, if even [sic] to Plaintiff's affiliates, establish that Defendant fully intended to do business with customers in Michigan by selling products that infringe [Plaintiff's] three registered trademarks and by displaying [Plaintiff's] registered photographs to customers in Michigan." (ECF No. 23, PageID.327). Fourth, the two sales are not the sole basis for jurisdiction in Michigan. Plaintiff further alleges: the website is accessible to Michigan consumers to buy goods; the website displays infringing copyrighted photographs to consumers in Michigan; and Defendant purchased, used, and displayed the Plaintiff's protected name in its advertisement[6] that is shown to Michigan consumers. (*Id.* at PageID.320, 327.) Even if Plaintiff "[could not] point to a single transaction in Michigan," which is not the case, courts in the Eastern District of Michigan have found personal jurisdiction where a defendant maintained a website accessible to Michigan consumers, allowed Michigan consumers to purchase items, and attempted to solicit business from Michigan residents. *See, e.g., Audi AG & Volkswagon of*

---

[6] Plaintiff alleges that the Google advertisement "promotes Defendant's products when a search for [Plaintiff's mark] is made." (*Id.* at PageID.320, 327.)

*Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 744 (E.D. Mich. 2004); *see also Sports Auth. Michigan, Inc. v. Justballs*, Inc., 97 F. Supp. 2d 806, 812 (E.D. Mich. 2000). These facts establish "the slightest act of business" necessary to find purposeful availment in Michigan. *Neogen*, 282 F.3d at 888 (quoting *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir.1988)). Thus, Plaintiff has sufficiently plead facts to make the prima facie case for specific jurisdiction.

  ii.   *Prong Two: Claims Arise Out of the Forum State*

Second, Plaintiff satisfactorily alleges that the cause of action arises from Defendant's activities in the forum. When a plaintiff "claims that the use of [the defendant's] tradename on its website and its business contacts with Michigan residents under that name have caused a variety of economic harms," the second prong is satisfied. *Neogen*, 282 F.3d at 892. "[T]he injury occurs both in places where the plaintiff does business and in the state where its primary office is located." *Bird*, 289 F.3d at 876. Here, Plaintiff asserts that Defendant's website "offers to sell goods under the infringing YOGA TOES, gemstone handle and color blue trademarks" and "displays copies of [Plaintiff's] registered copyrighted works." (ECF No. 23, PageID.322.) Plaintiff alleges that

17

Defendant's activities cause economic harm in the form of "damage to [Plaintiff's] business, reputation, goodwill, profits, and the strength of [Plaintiff's] federally registered incontestable trade dress rights." (ECF No. 1, PageID.21.) Since Plaintiff shows sales in Michigan and asserts that "Plaintiff resides in Michigan," the injury occurred in Michigan. (ECF No. 23, PageID.328.) Therefore, Plaintiff satisfies the second prong that the cause of action arises from Defendant's activities in Michigan.

### iii.    Prong Three: Jurisdiction is Reasonable

Finally, Plaintiff establishes the third prong that "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *AMB Media*, 2024 WL 2052151, at *3 (internal quotation marks and citations omitted). If the Court finds the first two factors of the prima facie case are satisfied, which it has, then "an inference arises that this third factor is also present." *Id.* at *7 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996)). Courts "consider several factors in this context, including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states

18

in securing the most efficient resolution of controversies." *Id*. (internal quotation marks and citations omitted). Although it is a burden for Defendant to defend this action in Michigan, the above considerations weigh in favor of finding that specific personal jurisdiction over Defendant is reasonable. It would be burdensome for Plaintiff to litigate the case in another forum, and Michigan "has an obvious interest in hearing the dispute given the alleged injury's location." *See id*. "On balance, and considering [Plaintiff's] light prima facie burden, Defendant['s] arguments [about a significant burden to litigate in the forum] do not overcome the inference of reasonableness arising from [Plaintiff's] satisfaction of the first two . . . elements." *Id*. For all of these reasons, the Court has specific personal jurisdiction in this case.

## B.   Clerk's Entry of Default

The Court sets aside the clerk's entry of default for good cause pursuant to Rule 55(c). To determine whether there is good cause under Rule 55(c), the Court considers the three *United Coin* factors: prejudice to the Plaintiff, whether Defendant has a meritorious defense, and whether Defendant's culpable conduct led to the clerk's entry of default. *United Coin*, 705 F.2d at 845. The Court notes at the outset that

19

Defendant did not properly set out and analyze the well-established *United Coin* factors. (*See* ECF No. 19.) Plaintiff's response to the Motion did not address this test. (*See* ECF No. 23.) However, the factors weigh in favor of setting aside the clerk's entry of default.

The first factor, which is prejudice, supports Defendant's position. "Mere delay . . . is not sufficient prejudice." *United Coin*, 705 F.2d at 845. As reiterated in a recent case in the Eastern District of Michigan, "[i]t is Plaintiff's burden, in opposing the motion to set aside the clerk's entry of default, to point to, if not prove, some kind of negative impact resulting from Defendant's failure to timely file an answer, which in turn is something more than delay itself." *Wilbourn v. Caravan Facilities Mgmt., LLC*, No. 20-10766, 2020 WL 7041185, at *4 (E.D. Mich. Dec. 1, 2020) (finding where plaintiff only alleges prejudice from a delay, "this factor weighs in favor of setting aside the entry of default"); *see also INVST Fin. Grp.*, 815 F.2d at 398 (internal quotation marks and citations omitted) (where the "plaintiff has not shown that discovery would be more difficult or that evidence would be lost . . . [it] has not shown prejudice within the meaning of the *United Coin* inquiry.") Here, Plaintiff does not provide any reason for the Court to find that it will suffer prejudice if the default

is set aside. (*See* ECF No. 23.) Therefore, the Court finds that this factor weighs in favor of setting aside the clerk's entry of default.

The second factor, whether Defendant asserts a meritorious defense, also supports Defendant. "The [alleged] defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Amernational Indus., Inc.*, 925 F.2d at 977 (internal quotation marks and citations omitted). When a defendant asserts a defense that there is no personal jurisdiction, this satisfies the second factor. *See, e.g., Brown*, 2009 WL 838607, at *1. "The test is not whether the defendant will win at trial but 'rather whether the facts alleged by the defendant would constitute a meritorious defense if true.'"[7] *Castleberry v. Chase Bank, USA NA*, No. 10-11166, 2010 WL 3582437, at *2 (E.D. Mich. Sept. 13, 2010) (citing *In re Park Nursing Ctr., Inc. v. Samuels*, 766 F.2d 261, 264 (6th Cir. 1985)). Defendant asserts that there is no personal jurisdiction because the alleged Michigan sales that would

---

[7] The *United Coin* inquiry assesses whether Defendant's lack of personal jurisdiction defense would succeed *if Defendant's assertions are true*, which is a different standard than the Court uses to decide a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing. As such, the Court can set aside the clerk's entry of default based on the lack of personal jurisdiction defense but still deny the Motion to the extent it would dismiss the case at this stage.

21

establish jurisdiction were conducted through navafresh.com, which is a website that another entity owns and operates. (ECF No. 19, PageID.261–262.) If true, Defendant may have a meritorious defense. "[T]hese assertions adequately meet the low water mark required under [the meritorious defense] factor and weigh in favor of granting the motion to set the default aside." *Castleberry*, 2010 WL 3582437, at *3. Therefore, the meritorious defense factor also weighs in favor of Defendant's position.

The third factor, which is culpable conduct, is a closer issue but does not outweigh the first two factors. "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv.*, 796 F.2d at 195. In its brief, Defendant apologizes and explains that weather-related internet connectivity issues caused some of the delay.[8]

---

[8] The Court notes that Plaintiff also caused delay. By three months after the clerk's entry of default, Plaintiff had not filed for a default judgment, and did not do so until after the Court entered an order to show cause why the case should not be dismissed for lack of prosecution. (*See* ECF Nos. 9, 11.)

(ECF No. 19, PageID.254.) Defendant also provided other explanations, such as personal issues, language, and time barriers, during the hearing held on August 29, 2024. Defendant has since demonstrated diligence and good faith in responding to this action with timely filings. Defendant's actions do not show "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv.*, 796 F.2d at 194. In fact, because Defendant has "given evidence of respect for the court's process by [its] haste in acting to set aside the default, the courts have been inclined towards leniency." *Id.* at 194 (internal quotation marks and citations omitted). Overall, after weighing these three factors and considering the "strong preference" for deciding cases on the merits rather than by default, the Court grants this part of Defendant's Motion. *See id.* at 193.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion. The Court sets aside the clerk's entry of default but does not dismiss the case for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: March 17, 2025          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 17, 2025.

                               s/Joseph Heacox
                               On behalf of William Barkholz
                               Case Manager